IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

USDC No. 4:20cv209-DMB-DAS

**TYRICE JEFFERSON**                                               **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO.: 2020-0131 CI**

**CITY OF GREENVILLE, MISSISSIPPI;**
**OFFICER ALFRED BRASFIELD, in his**
**Official and Individual Capacities;**
**OFFICER JAY BURDEN, in his**
**Official and Individual Capacities;**
**OFFICER TOMMY HARRIS, in his**
**Official and Individual Capacities; and**
**JOHN DOES 1-5, In Official and**
**Individual Capacities.**                                               **DEFENDANTS**

*Received & Filed NOV 17 2020 Barbara Esters-Parker By: _____ D.C.*

## COMPLAINT
Jury Trial Demanded

**COME NOW**, Tyrice Jefferson (hereinafter "Plaintiff"), by and through undersigned counsel and pursuant to the laws of the State of Mississippi and files this his Complaint against Defendants City of Greenville, Mississippi; Officer Alfred Brasfield, individually and in his official capacity; Officer Jay Burden, individually and in his official capacity; Officer Tommy Harris, individually and in his official capacity; and John Does 1-5, in individual and official capacities (collectively referred to as "Defendants") to recover actual and punitive damages from Defendants in violation of Plaintiff's Fourth Amendment Right to be free from excessive force, Fourteenth Amendment Rights to due process without intentional exposure to known dangers and all other claims made actionable pursuant to 42 U.S.C. § 1983 and also the Common Law right to be free from the actions of law enforcement evincing reckless disregard for the Plaintiff,

1


EXHIBIT "A"

made actionable pursuant to The Mississippi Tort Claims Act ("M.T.C.A."), and Mississippi Common Law and would show unto this Honorable Court the following, to-wit:

## I.

## JURISDICTION AND VENUE

1. This action is being brought pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1342(a)(3), and 42 U.S.C. § 1983, and includes any and all state law claims plead herein below for which jurisdiction and venue are attached thereto, specifically, but not limited to, Title 11, Chapter 46, known as the Mississippi Tort Claims Act.

2. Venue is proper in Circuit Court of Washington County, Mississippi, since it is where all parties reside and where the events complained of occurred.

## II.

## PARTIES

3. Plaintiff Tyrice Jefferson is an adult resident citizen of Washington County, Mississippi, residing in Greenville, Mississippi, who may be contacted by and through his undersigned attorney.

4. Defendant City of Greenville is a municipal entity that may be served with process upon Amelia D. Wicks, City Clerk, at P.O. Box 897, Greenville, MS 38701.

5. Defendant Officer Alfred Brasfield is a Police Officer for Greenville, Mississippi. This Defendant can be served with process at his place of employment in the City of Greenville, P.O. Box 897, Greenville, MS 38701.

6. Defendant Officer Jay Burden is a Police Officer for Greenville, Mississippi. This Defendant can be served with process at his place of employment in the City of Greenville, P.O. Box 897, Greenville, MS 38701.

7. Defendant Officer Tommy Harris is a Police Officer for Greenville, Mississippi. This Defendant can be served with process at his place of employment in the City of Greenville, P.O. Box 897, Greenville, MS 38701.

8. Defendants John Does 1-5 are unknown individuals and/or entities liable to Plaintiff for the acts and omissions as alleged herein. Names and capacities of Defendants John Does 1-5 inclusive, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, who, therefore sue said Defendants by fictitious names and will further seek leave for the Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, wanton and reckless misconduct, breach of warranty, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, and said Defendants, each of them, proximately caused injury and damage occasioned herein.

### III.

### FACTS

9. On May 20, 2020, Theresa Jenkins Jefferson, the Plaintiff's wife, was escorted by City of Greenville police officers to the residence she shared with Plaintiff, which was owned by Plaintiff, to retrieve some clothes and pick up her son, Jon Ocasisco.

3

10. While Mrs. Jefferson attempted to unlock the front door with her key, the Plaintiff locked the door from inside. After Mrs. Jefferson unlocked the door with her key a second time, the named Defendant Officers burst through the door.

11. Defendant Officers commanded Plaintiff to stand to the side while Mrs. Jefferson gathered her clothes. Plaintiff asked Defendant Officers to not permit Mrs. Jefferson to take his belongings.

12. As Plaintiff walked towards the hallway in his home, Defendant Harris and Defendant Brasfield grabbed Plaintiff, threw him on the floor, and began to handcuff him.

13. While Plaintiff was handcuffed and restrained by the other officers, Defendant Burden punched Plaintiff in the face with a closed fist.

14. Defendant Harris then grabbed Plaintiff's right arm, forcefully twisted it behind his back, and continued to twist the arm until it made an audible pop. During this interaction, Defendant Brasfield bragged that Defendant Harris was a semi-professional football player.

15. Defendant Officers then placed the handcuffed Plaintiff in a chair. At this point, Plaintiff noticed a sharp and severe pain in his right arm, so he asked a female officer if she would remove the handcuffs. This officer asked the other officers to remove the handcuffs and they complied.

16. Plaintiff then noticed swelling in his right elbow and showed the injury to the officers, to which Officer Harris responded, "oh, you work out, that's why your arm is so big." Plaintiff asked the female officer to call an ambulance for him, and she complied.

17. Upon the arrival of the ambulance, Plaintiff was informed that he would need to go to the hospital for medical care. Because Plaintiff feared the consequences of leaving his home unattended with Mrs. Jefferson and the officers present, he declined being taken to the hospital at that time.

18. Plaintiff then went to bed and awoke the next morning with his arm being significantly swollen and injured. He was sent home from his job by his superintendent due to his inability to work.

19. Plaintiff then called City of Greenville Mayor Simmons to inform him of the prior night's incident. Plaintiff was advised to speak with the Chief of Police, Delando Wilson, and the Internal Affairs Division.

20. Because the injury to Plaintiff's right arm rendered him unable to write, Plaintiff verbally gave his statement to Captain Dannie Graise, who typed it. Following his statement, Plaintiff sought medical care at Delta Regional Medical Center in Greenville, Mississippi.

21. As a result of the foregoing, Plaintiff suffered mental, emotional, and physical injuries including a fractured elbow and injuries to his face.

## IV.

## CAUSES OF ACTION

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments; Officer Brasfield's Liability)

22. Plaintiff adopts by reference the foregoing paragraphs.

23. Plaintiff brings a claim against Officer Alfred Brasfield in his individual capacity pursuant to 42 U.S.C. § 1983, for actual and punitive damages.

24. At all material times, Officer Brasfield was acting under color of state law as an agent and employee of Defendant the City of Greenville, Mississippi. Defendant was acting in the course and scope of his duties as an Officer of the City of Greenville at the time he used excessive and objectively unreasonable force on the Plaintiff.

25. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant Officer Brasfield's actions of grabbing the Plaintiff, throwing him on the floor, and laying on the Plaintiff's body while he was handcuffed, punching Plaintiff in the face, and breaking Plaintiff's elbow, were unreasonable.

26. At the time of the arrest, Defendant Officer Brasfield had no reason to believe that Plaintiff was a danger to himself or others.

27. Therefore, the multiple objectively unreasonable uses of force while acting under the color of state law, Defendant Officer Brasfield violated Plaintiff's rights under the Fourth and Fourteenth Amendments and caused him injury.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments; Officer Burden's Liability)

28. Plaintiff adopts by reference the foregoing paragraphs.

29. Plaintiff brings a claim against Officer Jay Burden in his individual capacity pursuant to 42 U.S.C. § 1983, for actual and punitive damages.

6

30. At all material times, Officer Burden was acting under color of state law as an agent and employee of Defendant the City of Greenville, Mississippi. Defendant was acting in the course and scope of his duties as an Officer of the City of Greenville at the time he used excessive and objectively unreasonable force on the Plaintiff.

31. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant Officer Burden's action of punching the Plaintiff in the face with a closed fist while the Plaintiff was handcuffed and restrained, was unreasonable.

32. At the time of the arrest, Defendant Officer Burden had no reason to believe that Plaintiff was a danger to himself or others.

33. Therefore, the multiple objectively unreasonable uses of force while acting under the color of state law, Defendant Officer Burden violated Plaintiff's rights under the Fourth and Fourteenth Amendments and caused him injury.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments; Officer Harris' Liability)

34. Plaintiff adopts by reference the foregoing paragraphs.

35. Plaintiff brings a claim against Officer Tommy Harris in his individual capacity pursuant to 42 U.S.C. § 1983, for actual and punitive damages.

36. At all material times, Officer Harris was acting under color of state law as an agent and employee of Defendant the City of Greenville, Mississippi. Defendant was acting in the

course and scope of his duties as an Officer of the City of Greenville at the time he used excessive and objectively unreasonable force on the Plaintiff.

37. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant Officer Harris' action of fracturing the Plaintiff's elbow while he was restrained, was unreasonable.

38. At the time of the arrest, Defendant Officer Harris had no reason to believe that Plaintiff was a danger to himself or others.

39. Therefore, the multiple objectively unreasonable uses of force while acting under the color of state law, Defendant Officer Harris violated Plaintiff's rights under the Fourth and Fourteenth Amendments and caused him injury.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments; City of Greenville's Liability)

40. Upon information and belief, the City of Greenville is also liable for violating Plaintiff's constitutional rights under 42 U.S.C. § 1983, as said governmental entity and officials violated Plaintiff's constitutional rights via official policies or customs, of which said Defendant had actual or constructive knowledge, and said policies, customs, patterns, and/or practices were the "moving forces" of the constitutional violations perpetrated by Officers Brasfield, Burden, and Harris.

41. Defendant City of Greenville was grossly negligent and/or wanton in failing to monitor the actions of Defendant Officers Brasfield, Burden, and Harris. It further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, arrest,

8

or detain Plaintiff and/or any other similarly situated individuals. Defendant City of Greenville negligently and/or wantonly failed to properly follow and/or apply their own law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally.

42. As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proven at trial.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

(Mississippi Tort Claims Act)

43. Plaintiff adopts by reference the foregoing paragraphs.

44. Plaintiff has complied with the notice provisions of Mississippi Statutes Section 11-46-11, which is a condition precedent to the filing of a state tort against the City of Greenville.

45. Defendant City of Greenville through its employees, Officers Brasfield, Burden, and Harris, intentionally caused emotional and mental distress to Plaintiff by employing excessive force in his arrest.

46. At all material times, Officers Brasfield, Burden, and Harris were the agents and employees of the City of Greenville and were acting within the course and scope of their employment with the City of Greenville.

47. Defendant City of Greenville is liable for tortuous acts evincing reckless disregard committed by city employees engaged in police protection.

48. There is no evidence that Plaintiff was engaged in criminal activity. Plaintiff has not been convicted of any crime.

49. As a direct and proximate consequence of the acts of the City of Greenville through its employees, Officers Brasfield, Burden, and Harris, Plaintiff sustained physical injury, emotional distress, humiliation, and incurred legal and other out-of-pocket expenses.

50. Plaintiff alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or done in willful and conscious disregard for Plaintiff's rights, welfare, and safety.

V.

**DAMAGES**

51. Plaintiff adopts by reference the foregoing paragraphs.

52. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

53. All Defendants are jointly and severally liable to Plaintiff for the following damages:

    (a)    Past, present, and future suffering, mental and emotional anguish;

    (b)    Past, present, and future medical bills;

    (c)    Past, present, and future lost wages; and

    (d)    All other damages to be proven at trial.

54. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein, in an amount to be determined by this Court.

55. The acts of Defendants, enumerated herein, were so grossly negligent and reckless; utterly offensive, and were committed with such utter disregard for the rights of Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

## VI.

### PRAYER FOR APPROPRIATE RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants answer herein, and that Plaintiff receives judgment against Defendants including compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, attorney's fees and all other relief to which Plaintiff is justly entitled by law.

Respectfully submitted, this the 17th day of November, 2020.

**TYRICE JEFFERSON**
**PLAINTIFF**

By: _____
Michael S. Carr
MSB #102138
Attorney for Plaintiff

OF COUNSEL:
**CARR LAW FIRM**
Michael S. Carr
301 W. Sunflower Rd. Ste. D
P.O. Box 1749
Cleveland, MS 38732
Tel: 662-441-1529
Fax: 662-441-1530